**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**STEPHEN R. MURPHY,**

   **Defendant.**

**CRIMINAL ACTION FILE NO.**

**1:26-CR-00229-SEG-JSA**

[*Eff. 03/01/2023*]

## PRETRIAL SCHEDULING ORDER

**I.**    A pretrial telephone conference shall be held in this criminal action on **July 7, 2026 at 9:30 a.m., via Zoom** before the undersigned Magistrate Judge. Counsel who will actually handle the trial of the case must be present.  The defendant need not be present.  LCrR 17.1, NDGa.  Pretrial motions shall be due on or before **July 1, 2026.**

    **_Please note_** *that it shall be the responsibility of Defendant's counsel to notify the office of the undersigned and counsel for the Government if no pretrial motions shall be filed and/or no pretrial conference is required.*

**II.**    Prior to the above-scheduled conference, the following shall occur:

    A.    The parties shall confer regarding the probable disposition of the case, resolution of issues related to discovery production and the mechanics thereof,

including the timing and procedures for pretrial disclosures, *see* FED. R. CRIM. P. 16.1[1]; *see also infra* Part V.D.1; scheduling problems; anticipated pretrial and trial motions; and possible stipulations of law and fact.  LCrR 12.1D, NDGa.

B.    Upon the defendant's request, the government shall permit the defendant to inspect and copy discoverable matter, including but not limited to, all  Rule 16 materials, all search warrants and affidavits, consent forms for any searches that  the defendant arguably has standing to challenge, *Miranda* rights and waiver of *Miranda*  rights forms, and photographs from which identification of the defendant was made.    If  the  government  has  discoverable  materials  not immediately available, it shall  advise the defendant of the existence and nature of the items and the timeline for their receipt and inspection.   LCrR 16.1, NDGa.  The

---

[1]     The Joint Electronic Technology Working Group has developed an "ESI Discovery Production Checklist" identifying topics that may help guide counsel's discussion of issues relating to the production of electronically stored information. *See* Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases (the "Recommendations"), *available at* https://www.justice.gov/archives/dag/page/file/913236/download. The Court refers counsel to this checklist for informational purposes only.  Neither the checklist nor the Recommendations alter the parties' discovery obligations or protections under the U.S. Constitution, the Federal Rules of Criminal Procedure, the Jencks Act, or other federal statutes, case law, the Local Rules, or this order. Nor do they create any rights or privileges for any party or provide a basis for allegations of misconduct or claims for relief.

timing of expert disclosures is set forth in part IV.L., *infra.*

In accordance with Rule 12(b)(4), the government shall enumerate and describe with particularity the existence and nature of all items seized during any search that the defendant arguably has standing to challenge, including specifying where such items were seized during said search.[2]  FED. R. CRIM. P. 12(b)(4). Where reciprocal discovery is requested by the government, the attorney for the defendant shall personally advise the defendant of the request, the defendant's obligations thereto, and the possibility of sanctions, including exclusion of any such evidence from trial, for failure to comply with the Rule.  *See* FED. R. CRIM. P. 16(b) and (d); LCrR 16.1, NDGa.

C.    A party desiring to inspect and copy any materials which were not available initially shall be permitted to do so in accordance with the Local Rules. LCrR 16.1, NDGa.

D.    All discovery of materials known by the parties or their agents to exist shall be completed within the times contemplated by this order **unless** a modifying order is entered upon motion made under Rule 16(d) or Local Criminal Rule 16.1.

---

[2]    At arraignment, the government is required to provide the defendant with an inventory of all items seized from the defendant by law enforcement officials that the government expects to introduce at trial. The government **SHALL** furnish the affected defendant with such an inventory.  LCrR 16.1, NDGa.

The parties shall document, independent of their personal recollection, compliance with requests and orders for discovery.  At the pretrial conference, the parties shall be prepared to discuss with the magistrate judge the results of their Rule 16.1 conference as provided by this Order.  *See infra* Part V.D.1.

### III.    Filing Pretrial Motions

The parties are reminded that pretrial disclosure in criminal cases generally is governed by Rule 16 of the Federal Rules of Criminal Procedure or pursuant to case law, such as *Brady v. Maryland*, 373 U.S. 83 (1963), and that the government ordinarily has no basis upon which to  object. The local rules **require** any party seeking relief through a motion to confer with  opposing counsel in an attempt to resolve disputed matters *prior to* the filing of motions related thereto.   LCrR 12.1.D, NDGa.  Moreover,  Rule 16 directs that the  government must produce discoverable material upon only a "request" of the defendant.  *See* FED. R. CRIM. P. 16.

Therefore, counsel are **DIRECTED** to **NOT** file any motion for materials or  information or other relief that: (1) the opposing party has agreed to provide, or (2) the party is entitled to inspect and copy under applicable criminal rules and case  law, **UNLESS** the attorney certifies to the court in writing that: (1) the materials have been  requested from the opposing party or the motion for other relief has been discussed with  the counsel for the opposing party, and (2) the opposing

4

counsel declines to provide the materials/information/relief requested.    If counsel believes it is necessary to document  what is requested from, or agreed to by, the government, he or she may do so by letter  to opposing counsel, without filing or copying such letter with the Court.   Counsel also may re-label his or her standard motions as "Requests" and serve them on opposing  counsel, but **NOT** file them with the Clerk's Office or the Court.   Or, counsel may file  with  the  Clerk  a certification that the defendant had served the government with a  discovery request, and keep the original discovery request in his or her file, to be filed  with the Clerk only upon the need to use the request in court, similar to the practice in  civil cases.  *See*  Local Civil Rules 5.4 and 26.3, NDGa.   The Court **WILL** discuss any such requests at the pretrial conference.   The requests, certificates or letters may later be used to  support a motion for sanctions or to compel, if the opposing party fails to comply with  his or her legal obligations or agreements.  *See* FED. R. CRIM. P.  16(d)(2).

If, after consultation and failure to reach an agreement with opposing counsel, counsel files a motion for materials or information outside the scope of  Rule  16 and relevant case law, he or she shall do so **ONLY** by  making a  particularized showing that relates to the facts of this case.

## IV.   Standard Rulings

The following rulings are made in this case and are **intended *only* to obviate the need for standard, non-particularized motions on these subjects**. Any party who disagrees with these standard rulings may file, within the time allowed for filing motions under Local Criminal Rule 12.1(B), a particularized motion for relief therefrom, including a motion to compel or for a protective order.

### A.   *Discovery Materials:*

Upon request of the defendant, the government is directed to provide to the defendant all materials and information falling within the scope of Rule 16 and Local Criminal Rule 16.1, including but not limited to an inventory of all items seized from the defendant by law enforcement officials which the government intends to introduce at trial. The government has a continuing duty to disclose any evidence that is subject to discovery or inspection. *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003); FED. R. CRIM. P. 16(c).

### B.   *Discovery and Disclosure of Evidence Arguably Subject to Suppression and of Evidence Which is Exculpatory and/or Impeaching:*

Upon request of the defendant, the government is directed to comply with Federal Rules of Criminal Procedure 12 and 16, by providing notice as specified *supra* Part II.B.

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and **ORDERS** the United States to do so.  The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence.  The defendant is entitled to this information without a request.  Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

### C.    *Rule 404(b):*

Pursuant to Rule 404(b), the government is ordered to provide written notice of any evidence of other crimes, wrongs, or acts that it intends to offer at trial,  so that the defendant has a fair opportunity to meet it, and to articulate in the notice the permitted purpose for which it intends to offer the evidence and the reasoning that supports the purpose.  **The Rule 404(b) evidence shall be provided to the defense as soon as practicable after the government has determined to use such evidence, subject to the following deadlines:** If the Rule 404(b) evidence

7

pertains to acts or conduct of the defendant are alleged to have occurred within the Northern District of Georgia, the notice required to be provided under this heading and the rule shall be provided no later than **fourteen days** before trial.  If the acts or conduct are alleged to have occurred outside the Northern District of Georgia, the notice required to be provided under this heading and the rule shall be provided no later than **twenty-one** days before trial.

### D.    *Preservation of Evidence and Handwritten Notes of Agents*:

The government is directed to preserve all evidence and handwritten notes of law enforcement officers pertaining to this case and the defendant. Notwithstanding this provision, if the government wishes to destroy contraband drug evidence in conformance with the procedures set forth in 28 C.F.R. § 50.21, the government must first give each affected defendant notice in writing of the intended contraband destruction.  Said notice shall not be given earlier than **fourteen** days after the entry of this Order.  Any defendant shall have **fourteen** days after the date of the notice to file a written objection to the proposed contraband destruction.  If no objections are filed and the government otherwise

8

has complied with any applicable protocol under 28 C.F.R. § 50.21, the government may destroy the excess contraband.[3]

### E.    *Examination and Testing of Physical Evidence:*

The defendant shall be allowed to examine and test physical evidence under reasonable conditions which maintain the integrity of the evidence.

### F.    *Monitored Phone Calls of an In-Custody Defendant and All Electronic Recordings of Defendant:*

The government shall disclose to the defendant if it has heard, used, or intends to use, any monitored phone calls made by the defendant while he/she was in custody, and shall disclose to defendant all electronic monitoring of the defendant in accordance with Federal rule of Criminal Procedure 16 and 18 U.S.C. § 2500, *et seq.* (Title III).  A defendant is not entitled to the recorded conversations of co-defendants or others to which he/she was not a party, unless required to be produced by Rule 16, the *Jencks* Act, or *Brady* and/or *Giglio*.

### G. *Identification Materials:*

The government shall disclose to the defense the circumstances under which

---

[3]    The government is reminded that the provisions of this Order apply only to parties presently before the Court and not to defendants who have not been apprehended or who are subsequently charged in this case.

9

any photographic or lineup identification of the defendant was made and shall provide the defendant with copies of any photographs used to make any identification.

### H.    *Charts and Summaries:*

The government shall produce any charts or summaries to be used in its opening statement or presentation of its case-in-chief at trial no later than **three** business days before trial.  The defendant shall produce any charts and summaries to be used in his or her opening statement no later than **three** business days before trial.  All other charts and summaries shall be produced to the other party at least **one** business day prior to their use.  As used in this paragraph, the term "summaries" excludes summaries of expert testimony which must be disclosed upon request under Rule 16; expert summaries are due to be disclosed as set forth in paragraph IV.L. below.

### I.    *Jencks Act (18 U.S.C. § 3500):*

The Court has no authority in the typical case to order the government to provide *Jencks* Act material at any time prior to the completion of direct examination of the government witness at issue.  *Jordan*, 316 F.3d at 1227 n.17, 1251 & n.78.  The Court strongly encourages the government to disclose *Jencks* Act materials prior to the pretrial hearing or trial at which the witness will be called

to testify.  Any agreement between the parties to provide early *Jencks* Act material may be memorialized orally at the pretrial conference or by letter agreement between the parties.  The government is **ORDERED** to comply with the *Jencks* Act.

### J.    *Names of Unindicted Co-Conspirators:*

Whether or not there is a conspiracy count in the indictment or if the government intends to rely on Federal Rule of Evidence 801(d)(2)(E) to introduce co-conspirator statements, the government is directed to provide the defendant with the names of unindicted co-conspirators known to the government, but not with statements made by co-conspirators or with their address or other identifying information, unless required by the *Jencks* Act, *Brady* and/or *Giglio*, or *Bruton*.

### K.    *Identification of Witnesses:*

No party is required to provide a list of its witnesses in advance of trial unless otherwise compelled by law or ordered by the Court.  The Court will entertain a motion for a witness list only if it is particularized to the facts of this case.

### L.    *Expert Disclosures:*

1.    **Duty to Confer.**  The parties must confer prior to the pretrial conference concerning any anticipated expert testimony that will be presented at trial as well as the timing of expert disclosures and be prepared to discuss the

proposed deadlines at the pretrial conference. The government shall disclose to defendant prior to the pretrial conference all categories of expert testimony it expects to present at the trial and defendant shall be prepared to state at the pretrial conference whether there are any anticipated challenges to the categories of expert testimony identified by the government that may necessitate a *Daubert* hearing and to identify any areas of expert testimony the defendant intends to present at trial. See FED. R. CRIM. P. 16.1.

2.    **Default Expert Witness Disclosure Deadlines**.    Absent any anticipated challenge to expert testimony necessitating a *Daubert* hearing, the following timetable governs the deadlines for expert disclosures unless otherwise ordered by the Court:

(a)    if requested by the defendant, the government shall make the expert disclosures required by Rule 16(a)(1)(G) no later than fourteen days after the case is certified ready for trial;

(b)    if requested by the government, the defendant shall make the disclosures required by Rule 16(b)(1)(C) no later than thirty days following the government's compliance with its disclosure pursuant to Rule 16(a)(1)(G) or fourteen days prior to trial, whichever is earlier; and

12

(c)    where the defendant gives notice of intent to present expert testimony on the defendant's mental condition:

(i)    if requested by the government under the second bullet point in Rule 16(b)(1)(C)(i), the defendant shall make such expert disclosures required by Rule 16(b)(1)(C) no later than fourteen days after the case is certified ready for trial; and

(ii) if requested by defendant, the government shall make the expert disclosures required by Rule 16(a)(1)(G) no later than thirty days following the defendant's compliance with disclosure pursuant to Rule 16(b)(1)(C) or fourteen days prior to trial, whichever is earlier.

**M.    _Bruton Issues_:**

The government shall disclose to the defendant and the Court whether it anticipates introduction at trial of a co-defendant's statement that inculpates the defendant, within the meaning of _Bruton v. United States_, 391 U.S. 123 (1968). At the pretrial conference, the government shall be prepared to announce whether, if both defendants opted to go to trial, they could not be tried jointly since the co-defendant's statements could not be properly redacted to comply with the Supreme Court's directive in _Gray v. Maryland_, 523 U.S. 185 (1998).

**N.**    *Motions to Sever Defendants Under Fed. R. Crim. P. 14(a) Due to Prejudicial Overspill:*

Severance under Federal Rule of Criminal Procedure 14 on the grounds of alleged undue prejudice from a joint trial due to "overspill" is warranted only when a defendant demonstrates that a joint trial will result in "specific and compelling prejudice" to his or her defense.  Compelling prejudice occurs when the jury is unable, even after proper instruction from the trial court, "to separately appraise the evidence as to each defendant and render a fair and impartial verdict."  *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001).  The trial court is empowered to sever defendants or counts after the commencement of the trial under Rule 14 if manifest necessity so requires.  *United States v. Butler*, 41 F.3d 1435, 1441 (11th Cir. 1995).  Therefore, any motion for severance on grounds of prejudicial overspill should not be filed unless it sets out *specific, individualized grounds* as to why the defendant is unduly prejudiced by a joint trial with others.

**O.**    *Reserving Right to File Additional or Out-of-Time Motions:*

Motions for an extension of time to file pretrial motions are not granted as a matter of right, and instead must be based on good cause shown.  Any motion to file additional or out-of-time motions must contain a particularized statement of the existence of good cause to file such a motion, must identify the specific motion or

14

motions that may be filed, a statement of the position of opposing counsel, and be accompanied by a proposed order which includes appropriate language excluding any delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

**P.**    ***Motion to Adopt Motions of Co-Defendants:***

No motion to adopt one or more motions of a co-defendant shall be filed unless it is accompanied by a statement specifically demonstrating the standing of the adopting party to seek the relief requested in each motion sought to be adopted. A motion to adopt shall only seek to adopt a single motion of a co-defendant; moving to adopt multiple motions, even of the same co-defendant, requires the filing of a separate motion to adopt as to each motion.  As to any motion sought to be adopted, the adopting defendant must either (1) specifically identify the motion sought to be adopted by its docket number in CM/ECF; and (2) include as an attachment to the motion to adopt a copy of at least the front page of the motion sought to be adopted.  The motion must otherwise comply with the requirements of Local Criminal Rule 12.1.C, NDGa.  Any motion to adopt not filed in compliance with this paragraph shall be denied.

**Q.**    ***Motion for Reciprocal Discovery:***

If the defendant has requested discovery, upon request of the government following its compliance with its Rule 16(a)(1)(E) obligations, the defendant is

15

required to provide discovery materials and information in accordance with Rule 16(b) and Local Criminal Rule 16.1. *See* FED. R. CRIM. P. 16(b), LCrR 16.1, NDGa.

**Subject to the above instructions and rulings:**

(1) Unless otherwise extended by the undersigned or the District Judge to whom this case is assigned for trial, the parties shall file with the Clerk within **fourteen** days after arraignment any necessary pretrial motions pursuant to Local Criminal Rules 12.1A, B and 16.1 and Local Civil Rules 5.1.A, 7, 10 and 11, NDGa.

(2) **Each motion other than a motion to adopt shall contain a certification that counsel conferred with opposing counsel concerning the subject matter of the motion but was unable to reach agreement on the resolution of the issue therein**. LCrR 12.1D, NDGa.

## V.   *Procedure at Pretrial Conference:*

A.   **Government counsel** shall be prepared to discuss:

1. The circumstances surrounding any arrest of the defendant;

2. The circumstances surrounding any identifications made of the defendant;

3. The circumstances surrounding any statements made by the

16

defendant to law enforcement or other government agents; and

4. The circumstances surrounding any searches or seizures that resulted in evidence that the Government intends to use against the defendant.

5. Whether it intends to introduce any evidence pursuant to Federal Rule of Evidence 404(b).

6. Whether it intends to introduce any expert testimony.

B.     **Government and Defense Counsel** shall be prepared to discuss the following:

1.     The production and review of discovery, including but not limited to,

(a) issues discussed at counsel's Rule 16.1 conference;

(b) the volume, format, and types of materials produced or to be produced in discovery;

(c) whether the discovery is protected by passwords or specific proprietary software is needed to access the materials;

(d) whether discovery contains any materials that are subject to privilege review;

(e) (if CJA counsel) whether application for funds to employ

17

paralegal or other services to access and review discovery is anticipated;

(f) (if the defendant is in custody) issues related to the defendant's access to and ability to review discovery;

(g) whether the government can inform the Court and defense counsel that all discovery has been produced, and if not, the reason why not all discovery has been produced (*e.g.*, outstanding Rule 17 subpoenas, analysis of electronic devices (including the reason why they have not been analyzed), etc.), and the time needed to produce all outstanding discovery; and

(h) the progress in Defense Counsel's review of discovery and period of time counsel reasonably believes that review can be completed to file all necessary pretrial motions.

2. Evidentiary and other legal issues they anticipate may arise at trial;

3. Probability of disposition of the case without trial;

4. Problems relating to the scheduling of trial;

5. Whether any facts can be stipulated; and

6. Whether any time periods established by this Order, the Federal Rules of Criminal Procedure, and/or the Local Rules need to be modified, adjusted, or extended, and the specific reasons why the time periods need to be modified,

adjusted, or extended despite the exercise of due diligence.

C.      Evidentiary hearings will be scheduled.

D.      Where possible, the undersigned will rule orally on any motions that have been filed.  The rulings will be noted on the docket sheets and the docket of the case.

E.      Failure to respond to a motion after being directed to do so within **fourteen** days thereafter or at such time as set by the Magistrate Judge may be considered as indicating there is no opposition to the motion.  LR 7.1.B, NDGa; LCrR 12.1.B, NDGa.

F.      Failure by a party to raise defenses or objections or make motions as specified in Federal Rule of Criminal Procedure 12(b)(3)(A)-(D) shall constitute a waiver thereof, unless good cause for such failure is shown.[4]

G.      When a party fails to supplement or perfect a motion within the time afforded after having requested or been given an opportunity to supplement or perfect said motion, the Court may deem the original motion abandoned or withdrawn.

---

[4]      A motion is not necessary to protect a party's right to Rule 16 discovery materials and information so long as the party seeking protection complies with the procedure set forth in this Order.  *See* Federal Rule of Criminal Procedure 12(b)(3)(E).

## VI.   *Rescheduling of the Pretrial Conference*

The pretrial conference may be continued only by order of the Court.  A party seeking to continue a pretrial conference first must confer with all other counsel representing parties in this case to determine whether all parties consent to the continuance.  If all parties consent to the rescheduling of the pretrial conference, the party seeking the continuance should then contact the undersigned magistrate judge's Courtroom Deputy Clerk to request to reschedule the pretrial conference, and if said request is granted, to set a new date and time for the conference.

If a party seeking to continue a pretrial conference cannot obtain the consent of all parties in this case, a written motion specifying the reasons for the continuance must be filed with the Clerk and at least **one business day** prior to the pretrial conference.  Any consent continuance or motion to continue the pretrial conference shall be accompanied by a proposed order which includes the following: (1) a place for the entry of any rescheduled date and time to hold the pretrial conference, and (2) the following language for the Court's consideration:

> ( ) The delay between the original and rescheduled pretrial conferences shall be excluded from Speedy Trial Act calculations because the Court finds that the reason for the delay was for good cause and the interests of justice in granting the continuance outweigh the public's and the defendant's rights to a speedy trial. 18 U.S.C. § 3161, *et seq.*

20

( ) The delay between the original and rescheduled pretrial conferences shall not be excluded for Speedy Trial Act purposes. 18 U.S.C. § 3161, *et seq.*

( ) The Court finds that due to the extensive discovery in this case, it was necessary to extend the time for the defendants to file pretrial motions, and accordingly, postpone the holding of the initial pretrial conference.  The Court finds that the interests of justice in continuing the pretrial motions deadline and in holding the pretrial conference substantially outweigh the interests of the public and defendants in the speedy resolution of this matter, and thus the Clerk is directed to count as excludable any delay occurring in extending the motions deadline and the holding of the pretrial conference. 18 U.S.C. § 3161, *et seq*.

**IT IS SO ORDERED**, this the 22nd day of June, 2026.

_____
JUSTIN S.  ANAND
UNITED STATES MAGISTRATE JUDGE