**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| **vs.** | | |
| | ) | |
| | ) | |
| | ) | **No. 1:26-CR-00229-SEG-JSA** |
| **Stephen R. Murphy,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO SUPPRESS EVIDENCE DERIVED FROM EXECUTION OF SEARCH WARRANT AT DEFENDANT'S HOME**

Defendant Stephen Murphy moves to suppress evidence recovered from an iPad during the execution of a search warrant at his home in violation of his rights under the Fifth Amendment of the United States Constitution. While Mr. Murphy recognizes that agents could have seized the iPad pursuant to a search warrant, he believes that his rights were violated when he was compelled to provide the passcode to the iPad. Accordingly, he requests an evidentiary hearing to establish facts that support his argument that his Fifth Amendment rights were violated.

## BACKGROUND

Mr. Murphy is a citizen of the Republic of Ireland but holds Lawful Permanent Resident status in the United States. Until his arrest in this case, he was

an employee of Delta Airlines with managerial authority. He has lived in Atlanta since 2017.

On April 29, 2026, Mr. Murphy was returning from a work trip to Santiago, Chile. He was stopped while going through customs inspection and diverted to Customs and Border Protection ("CBP") Baggage Secondary. At a bond hearing on May 5, 2026, it was revealed that a TECS[1] alert had been placed in a law enforcement database based on the belief that he may have purchased Child Sexual Abuse Material ("CSAM"). The Government has not produced any discovery that makes clear how Mr. Murphy was identified, when the TECS alert was generated, or what basis existed to prompt authorities to place an alert on his profile. The result, however, was that he was flagged upon trying to reenter the country.

Using their broad search authority, CBP officials seized his electronic devices during secondary inspection and asked him to make a binding declaration that the devices belonged to him. CBP Officer Gisel Valentin asked Mr. Murphy to provide the passcode to his iPhone, and he showed hesitation. After pressure, he

---

[1] TECS is not an acronym but is the "principal system used by officers at the border to assist with screening and determinations regarding admissibility of arriving persons." *See* U.S. Dep't of Homeland Security, "TECS System: CBP Primary and Secondary Processing (TECS) National SAR Initiative," at 2 (Aug. 5, 2011), *available at* https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp-tecs-sar-update_0.pdf.

finally relented. Officer Valentin conducted a manual review of Mr. Murphy's personal iPhone and discovered what appeared to be CSAM within a deleted folder. She alerted Homeland Security Investigations ("HSI") Task Force Officer ("TFO") Travis McGhie, who arrived to conduct further inspection of the devices. He searched "hidden" folders on Mr. Murphy's iPhone that contained what Officer McGhie determined was CSAM. Officer McGhie attempted an interview, but Mr. Murphy invoked his right to an attorney after being informed of his *Miranda* rights. Officer McGhie then arrested Mr. Murphy for knowingly transporting CSAM into the United States.

Mr. Murphy's personal iPhone and personal computer, both seized at the border, have been imaged and searched by HSI analysts and law enforcement.[2] On information and belief, no warrant was ever obtained for these searches, with law enforcement instead relying on their broad authority under the border search exception to the warrant requirement.

Rather than obtaining a search warrant for Mr. Murphy's home and executing the search warrant immediately after his arrest, law enforcement waited almost three months and executed a search warrant on July 23, 2026. The Government has

[2] Although the Government has had possession of these devices since Mr. Murphy's arrest on April 29, 2026, a forensic report has yet to be provided to Mr. Murphy. Thus, additional motions may be forthcoming.

not provided any discovery pertaining to the execution of this search warrant.[3] Upon information and belief, law enforcement violated Mr. Murphy's Fifth Amendment rights when they compelled him to provide the passcode to an iPad in the home, which is a testimonial statement that produced potentially incriminating evidence.

## ARGUMENT

It is a pillar of our justice system that "no person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. Amend. V. In the seminal case *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the Government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444. The Court further explained that custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.*

Subsequently, the Eleventh Circuit held that regardless of whether *Miranda* warnings are required, "the court must still rule on the confession's

[3] Similarly, the Governement has not provided a forensic report from the imaging of additional devices seized during the execution of this search warrant and thus, additional motions may be forthcoming.

voluntariness." *Jarrell v. Balkcom*, 735 F.2d 1242, 1252 (11th Cir. 1984). "The determination of whether a confession is voluntary depends on whether, under all of the surrounding circumstances, the statement was the product of the accused's free and rational choice." *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994) (citations omitted). Said another way, to fall within the ambit of the Fifth Amendment, an individual must show: (1) compulsion, (2) a testimonial communication or act, and (3) incrimination. *See United States v. Ghidoni*, 732 F.2d 814, 816 (11th Cir. 1984) (citing *United States v. Authement*, 607 F.2d 1129, 1131 (5th Cir. 1979)).

The Eleventh Circuit contemplated how providing passcodes to electronic devices fit into the framework of constitutional protections in *In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335 (11th Cir. 2012). In *In re Grand Jury Subpoena Duces Tecum*, John Doe was suspected of possessing CSAM. *Id.* at 1339. Law enforcement seized several hard drives but found the drives to be encrypted. *Id*. Doe argued that "by decrypting the contents, he would be testifying that he, as opposed to some other person, placed the contents on the hard drive, encrypted the contents, and could retrieve and examine them whenever he wished." *Id.* at 1339-40. The Eleventh Circuit agreed, holding that "the decryption . . . would require the use of the contents of Doe's mind and could not be fairly characterized as a physical act that would be nontestimonial in nature" and that

"the decryption and production would be tantamount to testimony by Doe of his knowledge of the existence and location of potentially incriminating files; of his possession, control, and access to the encrypted portions of the of the drives; and of his capability to decrypt the files." *Id.* at 1346.

The Government may argue that simply asking Mr. Murphy for the passcode to the devices in his home did not arise to the level of compelled testimonial evidence seen in *In re Grand Jury Subpoena Duces Tecum,* but this is exactly why an evidentiary hearing is necessary. "The burden is on the prosecution to establish, by a preponderance of the evidence, that a challenged confession was voluntary." *United States v. Lull*, 607 F.3d 1277, 1285 (11th Cir. 2010) (citing *Lego v. Twomey*, 404 U.S. 477, 484 (1972)). The Government has not provided Mr. Murphy with any discovery pertaining to the execution of the search warrant and his home and thus, Mr. Murphy requests an evidentiary hearing to allow him to develop a record of the totality of the circumstances surrounding the search and subsequent supplying of the iPad passcode. This evidence is necessary to determine whether the search fell within the ambit of the Fifth Amendment.

Respectfully submitted this the 25th day of August 2026.

By: /s/ ***Lynsey M. Barron***
Lynsey M. Barron,
Ga. Bar No. 661005
Email: lynsey@barronward.com

/s/ ***J. Beth Goldstein***
J. Beth Goldstein,
Ga. Bar No. 966983
Email: beth@barronward.com

BARRON WARD, LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
Telephone (404) 857-2203

***Attorneys for Stephen Murphy***

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing Motion to Suppress Evidence Derived From the Execution of Search Warrant at Defendant's Home with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 25th day of August, 2026.

/s/***J. Beth Goldstein***
By: J. Beth Goldstein
Ga. Bar No. 966983

***Attorney for Stephen Murphy***