IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>STEPHEN R. MURPHY | Criminal Action No.<br>1:26-CR-229-SEG-JSA |

**Government's Response to Defendant's Motion for a Modification of Bond Conditions**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Paul R. Jones, Assistant United States Attorney for the Northern District of Georgia, files this response to the Defendant's Motion for a Modification of Bond Conditions. Because the Defendant is charged with an internet-based crime, the Government opposes any modification that would allow him access to the internet.

Because the Defendant, Stephen R. Murphy, had been identified in a separate investigation as a possible online purchaser of child sexual abuse materials (CSAM), Customs and Border Protection's Targeting Center placed a lookout on the Defendant so that his electronic devices could be searched if he arrived at any international airport. The Defendant arrived at the Hartsfield-Jackson Atlanta International Airport on April 29, 2026, on a flight coming from Chile. The Defendant had two cell phones and two laptops. A cursory search of one cell phone and laptop showed that they contained no contraband and that they

belonged to Delta Air Lines (at that time the Defendant's employer). A search of his personal cell phone, however, showed multiple images of CSAM, mainly involving young boys.

The Defendant was arrested by complaint and charged with transporting CSAM. (Doc. 1.) The Government moved for detention. (Doc. 3.) After conducting a hearing, the magistrate judge denied the Government's motion and released the Defendant with certain bond conditions. (Doc. 9.) One of those conditions prohibits accessing the internet as well as "using and accessing a computer, smartphone, or any other internet-capable device." (*Id.* at 3.) The Defendant now asks the Court to lift that restriction so that he can work at a pet boarding and day-care facility. (Doc. 22.)

The Government opposes this request to modify bond. First, the internet restriction was reasonable given the nature of the charges that the Defendant is facing: he used the internet to download images of children being sexually abused. Moreover, the investigation subsequent to his release on bond shows that he wasn't just finding where such files were located and then downloading them. In addition to that endeavor, he was active on the internet with chatting with other adult men about their enjoyment of sexually abusing young boys. Moreover, he was also chatting with minors and expressing his sexual interest in them. Although the investigation remains ongoing and has not yet ripened to the point of seeking a superseding indictment, the breadth of the Defendant's internet activity is alarming. He used the internet for illicit purposes to satisfy his own deviant sexual desires. Without any guarantee that the Defendant's pretrial

services officer would be able to install software on a work computer to monitor his internet usage, the Government believes that the risk is too great that the Defendant will at some point use it for illegal purposes.[1]

## Conclusion

Because the Defendant's crime centered on the internet, and because the post-indictment investigation shows that he had communicated with both adult men and minor males about his interest in child pornography, the Government requests that the Court deny the Defendant's Motion for a Modification of Bond Conditions.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/PAUL R. JONES
*Assistant United States Attorney*
Georgia Bar No. 402617
Paul.Jones@usdoj.gov

---

[1] The Defendant's Motion focuses on his need to use the internet. However, given the nature of the business where he proposes working, it is also likely that minors would be coming and going to drop off and pick up their dogs. That provides an additional basis for denying the Motion.

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Lynsey M. Barron, Esq.

J. Beth Goldstein, Esq.

September 11, 2026

/s/ PAUL R. JONES
PAUL R. JONES
*Assistant United States Attorney*